UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAVIER MONGE,

Plaintiff,

-v-

FIESTA LOUNGE AND RESTAURANT CORP. and ROCCO A. SIGNORE LLC,

Defendants.

26 Civ. 3679 (JPC)

ORDER

JOHN P. CRONAN, United States District Judge:

On April 19, 2026, Plaintiff brought suit against Defendants. Dkt. 1. On July 22, 2026, the Court ordered Plaintiff to "file a status letter by July 29, 2026[] describing (1) whether service of the summons and Complaint has been made on Defendants, and if not, (2) why good cause exists to excuse Plaintiff's failure to serve Defendants within the 90-day deadline set by [Federal Rule of Civil Procedure] 4(m)." Dkt. 11 at 1. The Court warned that if that letter was not filed by July 29, 2026, it "may dismiss the case for failure to prosecute." *Id.* at 2.

On July 30, 2026, this Court noted that the deadline had passed without Plaintiff filing the required letter, and thus ordered Plaintiff "to show cause why this case should not be dismissed for failure to prosecute by August 6, 2026." Dkt. 12 at 1. It yet again warned that if Plaintiff "fail[ed] to show cause why this action should not be dismissed by that date, the Court may dismiss the action for failure to prosecute without further notice." *Id.* at 2. But while that date too "passed with nary a word from Plaintiff," the Court—recognizing that "dismissal for failure to prosecute is a harsh remedy to be utilized only in extreme situations"—gave "Plaintiff one last chance." Dkt. 13 (citation modified). On August 18, 2026, it warned that if Plaintiff "fail[ed] to show cause why this case should not be dismissed for failure to prosecute by August 25, 2026, 2026, this Court *will*

dismiss the action for failure to prosecute without further notice." *Id.* Yet Plaintiff once again failed to heed this Court's warning.

When, as here, a plaintiff has failed to prosecute his case or comply with court orders, a court may dismiss the case under Federal Rule of Civil Procedure 41(b). *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) . . . gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute . . . ."); *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996) ("Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action when a plaintiff fails to comply with any order of the court."). Courts must consider five factors in deciding whether to dismiss a case under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas*, 84 F.3d at 535.

Here, the five factors point toward dismissing Plaintiff's case without prejudice. First, Plaintiff, who is represented by counsel, has ignored three of this Court's orders for over a month. *See Sanders v. Ramos*, No. 12 Civ. 5302 (GBD) (JCF), 2013 WL 594229, at *1 (S.D.N.Y. Feb. 14, 2013) (dismissing case against a *pro se* plaintiff under Rule 41(b) because the "[p]laintiff ha[d] failed to comply with three court orders over the course of several months and was put on notice that failure to comply could result in dismissal"). Second, those orders warned Plaintiff that failure to comply would result in the case being dismissed without prejudice. *See* Dkts. 11, 12, 13. Third, the Court may presume prejudice when a plaintiff's delay is "lengthy and inexcusable." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004). "The delay here i[s] inexcusable:

Plaintiff has not complied with the Court's directives and has not taken any steps to advance this matter despite multiple Orders directing him to do so." *Urgiles v. Dep't of Corr. of N.Y. State*, No. 20 Civ. 4373 (PMH), 2021 WL 3682238, at *3 (S.D.N.Y. Aug. 19, 2021). Fourth, after balancing the need to alleviate court congestion with Plaintiff's right to due process, the Court has determined that dismissal is appropriate. "Noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Id.* (citation modified). And lastly, fifth, the Court has further considered the possibility of a less drastic sanction than dismissal; indeed, the Court continued to grant Plaintiff additional chances to comply with the Court's orders as a less drastic sanction than dismissal. After disregarding three orders, "[P]laintiff appears to have abandoned the litigation, [so] dismissal is appropriate." *Id.*

The Court therefore dismisses this case without prejudice. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: August 27, 2026
New York, New York

JOHN P. CRONAN
United States District Judge